BRACEY *et al. v.* BRACEY.*

(Division A.   Dec. 5, 1927.)

[114 So. 750.   No. 26615.]

MARRIAGE.   *Woman seeking to establish change to lawful relation with man must show change of intention.*

> Where relations between man and woman living together were unlawful at time they began, woman seeking to establish a change to a lawful relation has burden of proving change of intention.

---

*Corpus Juris-Cyc. References: Marriage, 38CJ, p. 1328, n. 85.

APPEAL from chancery court of Hinds county, First district.

HON. V. J. STRICKER, Chancellor.

Action between Cindy Bracey and another and Ned Bracey and others.   Judgment for the latter, and the former appeal.   Affirmed.

*Watkins, Watkins & Eager,* for appellants.

*M. A. Pilgrim, Eugene Palmer* and *Hendrix & Burkitt,* for appellee.

Argued orally by *Pat Eager,* for appellant, and *M. A. Pilgrim* and *Eugene Palmer,* for appellee.

McGOWEN, J., delivered the opinion of the court.

On an issue made up in the court below between Cindy Bracey and her minor daughter, Peggy Bracey, as the wife and child, respectively, of Ned Bracey, on the one hand, and the heirs at law, consisting of brothers and sisters and the representative of the brothers and sisters, on the other hand, in a contest over the proceeds

of a ten thousand dollar insurance policy issued by the United States government, the court below held in favor of the latter, and against the former.

The issue squarely presented to the court below was whether or not Ned Bracey, the deceased, lived with Cindy Bracey, the appellant herein, under such circumstances as to establish a common-law marriage between them, beginning some time in the year 1912 or 1913 and ending in 1915 or 1916.

Counsel for appellant devotes much attention in his brief to the written opinion of the chancellor, which is made a part of the record.

Without committing ourselves to the announcements of law and statement of fact contained in the opinion of the court below, after a careful reading of the record in this case, we believe that there was a sharp conflict as to all the facts concerning the living together of Ned and Cindy; in fact, it is sharply controverted that they lived together for any length of time, although the plaintiff's testimony tended to show that they lived together for about three years.

The court below held that they lived together in an unlawful relation, and specifically declined to adopt the theory of the complainant that the living together was lawful and the result of a common-law marriage.

The evidence is conflicting, and not at all certain as to the length of time they lived together, as to the conditions under which they lived together, and as to the common-law contract of marriage.

It is not disputed in this record that the relations between Ned and Cindy were unlawful and criminal when begun.

In this state of the record it is appellants' contention that they changed this unlawful relation to that of a lawful one.

Under these circumstances the burden of proof is upon the party who seeks to establish a changed lawful rela-

tion to show the change of intention. In the case of *Floyd* v. *Calvert,* 53 Miss. 37, this rule is announced:

"When persons, originally at liberty to form a legal or an illegal union, as they prefer, elect the criminal in preference to the lawful relationship, they must be presumed to have continued therein, until some change of intention and wishes is affirmatively shown."

There is such contradiction in this record as to the intention of the parties and as to the length of time they lived together as that we cannot say with confidence that the court below was manifestly wrong in holding that the relations between Ned and Cindy were meretricious, and not lawful.

*Affirmed.*